## Staunton.

### FITZGERALD v. COMMONWEALTH.

September 29, 1922.

1. APPEAL AND ERROR—*Conflict in Evidence Determined by Verdict.*—A verdict of guilty in a criminal case settles against the accused all conflicts in the testimony.

2. ASSAULT AND BATTERY—*Evidence Sufficient to Support Conviction for Assault—Identification of Accused—Case at Bar.*—In the instant case, a prosecution for malicious assault, the evidence was held sufficient to support the verdict of guilty where the prosecutor positively identified the accused as his assailant, notwithstanding the fact that at a previous trial before the mayor of the city where the assault took place the prosecutor was unable positively to identify accused, and there was testimony tending to prove an alibi.

Error to a judgment of the Corporation Court of the city of Buena Vista.

*Affirmed.*

The opinion states the case.

*Hugh A. White*, for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General*, and *Leon M. Bazile, Second Assistant Attorney-General*, for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

The accused has been convicted of a malicious assault and sentenced to three years confinement in the penitentiary. He is here assigning as error the refusal of the trial court to set aside the verdict as contrary to the law and the evidence.

[1] We do not think any good purpose would be served by reciting all of the evidence, for the conflicts in the testimony have been settled against the accused by the verdict. We must determine whether there is evidence sufficient to support the verdict. As to this we have no doubt.

[2] In the testimony of the man assaulted, we find this: "When W. E. Fitzgerald was tried before the mayor of Buena Vista, charged with having committed the assault upon me on the night of September 28, 1920, I was sworn as a witness in behalf of the Commonwealth, and I testified at that trial that I firmly believed that W. E. Fitzgerald was the man who assaulted me, but I could not, at that time, swear to it. I was unable to positively identify W. E. Fitzgerald at that time as the man who asssulted me. W. E. Fitzgerald is not a negro; he is a white man. W. E. Fitzgerald is the man who assaulted me. There is no doubt in my mind now that he is the man. I am able to identify him now, and I know he is the man, because, since the trial before the mayor, I have heard his voice, which I recognized as being the same voice as that of the man who assaulted me, and seen him wearing a hat and the same suit of clothes that was worn by the man who assaulted me. At the trial before the mayor, W. E. Fitzgerald wore a cap and another, and different, suit of clothes, and that is the reason I did not recognize him then, and could not identify him then, at the trial before the mayor."

There was testimony introduced tending to prove an alibi, as well as testimony tending to discredit this defense, but the verdict has determined this, and no reversible error has been assigned.

*Affirmed.*